## Title Ins. & Trust Co. v. Clark et al.

(Decided Dec. 7, 1937.)

ELLIOTT LEE MADDOX and J. C. GRAVES for appellant.

SHACKELFORD MILLER, Jr., for appellees other than Clark.

OPINION OF THE COURT BY JUDGE BAIRD—Reversing.

The Title Insurance & Trust Company appeals from a judgment rendered in the Jefferson circuit court denying it a prior lien on the rents accruing on certain mortgaged real estate prior to the institution of its action for foreclosure of its mortgage and the appointment by the court of a receiver.

George M. Clark was indebted to the Louisville Title Company, a corporation, doing business in the city of Louisville, Ky., in the sum of $42,000. To secure this indebtedness he executed to the Louisville Title Company a mortgage deed of trust, in which his wife joined, upon real estate situated on the southeast corner of

Third and Kentucky streets, Louisville, Ky., fronting 62 feet and 9 inches on Third street and extending back eastwardly 100 feet to an alley. In addition to the lien on the real estate by that mortgage, there was included also the rents, issues, and profits arising from the property. This mortgage was executed on November 3, 1930. Soon thereafter, on December 27, 1930, George M. Clark, finding himself unable to pay his debts, executed a deed of assignment of all of his property including the mortgaged real estate herein referred to, to the Kentucky Title Trust Company, assignee. Subsequent thereto, the Louisville Title Company closed its doors and the Fidelity & Columbia Trust Company was appointed its receiver. Later on, the Title Insurance & Trust Company, the appellant, was organized and by proper proceedings was appointed and substituted in place of the Louisville Title Company as trustee in the mortgage referred to. The Kentucky Title Trust Company, as assignee, took charge of the real estate and collected the rents, issues, and profits of the mortgaged real estate situated at Third and Kentucky streets, and from time to time remitted the interest as it became due to the Fidelity & Columbia Trust Company, receiver and subsequently to the Title Insurance & Trust Company, trustee. In the spring of 1935, the entire principal of the mortgage debt became due as well as several periods of interest. Appellant, on May 17, 1935, instituted this action to enforce the lien created by the mortgage executed by Clark. At the same time it asked for the appointment of a receiver. Section 299, Civil Code of Practice. At the time of the filing of this action, the Kentucky Title Trust Company, as assignee, had on hand as rent collected from the property upon which appellant had a mortgage the sum of $8,373.13. No objection was made to the appointment of a receiver, but an objection was made to the appointment of the Kentucky Title Trust Company as receiver by appellant which was overruled. This resulted in the Kentucky Title Trust Company occupying the place of receiver in this action and also as assignee of George M. Clark.

A judgment was rendered directing that the land described in the mortgage be sold for the payment of appellant's debt. By virtue of that judgment the master commissioner of the Jefferson circuit court sold the land and appellant became the purchaser for the sum of $23,670. The land failed to bring enough to satisfy ap-

pellant's mortgage debt. It is claimed by appellant that the mortgage executed by George M. Clark not only covered the land, but also its rents, issues, and profits, and it laid claim to the $8,373.13, which was the result of the rents, issues, and profits of the land held by the Kentucky Title Trust Company as assignee; that as trustee mortgagee it had a lien upon the fund under the terms of the mortgage. The assignee failed and refused to report that sum to the court as receiver in this action. It claimed that the sum it had in its hands as assignee was not subject to the lien of appellant, but under the law should be paid to the general creditors of Clark. Exceptions were filed to the receiver's report, by which appellant claimed that the assignee should turn over to itself, as receiver, the funds, and it should be applied to the unpaid part of appellant's debt against Clark. The court overruled the exceptions and adjudged that appellant had no lien upon this fund; that the fund should be distributed by the assignee among the general creditors of Clark.

Thus, the question presented by the appeal is: (1) did the court err in appointing the Kentucky Title Trust Company as receiver when the Kentucky Title Trust Company was also a party to the suit and interested therein; and (2) has appellant a prior lien upon the fund which was collected by the assignee and in its hands at the time of the filing of the suit and of the appointment of the receiver, where such fund was collected from the rents of the mortgaged property?

We will consider the appointment by the court of the Kentucky Title Trust Company as receiver when at the same time it was a party to the action first.

Section 300, Civil Code of Practice, in so far as it applies to the question before us, provides that "neither a party to an action, nor his attorney, nor any person interested therein, shall be appointed receiver." Therefore, it was clearly a violation of that section for the court to have appointed the Kentucky Title Trust Company as receiver. However, we do not think that error alone is sufficient to authorize a reversal of the case. In reality, that point is entirely, as suggested by counsel for appellees, academic and a moot question at this time. The authority of the court to appoint a receiver is not questioned. In fact, appellant moved the court for such an appointment. It would have been better had the court appointed someone else as receiver, but

we are unable to see how appellant, or anyone interested, has been injured by the appointment. There has been offered no objection as to the method the receiver has used in handling the property or in making a settlement of its accounts or that it has failed in any instance to collect rents. The only objection is made to the fact that the receiver failed to collect the surplus rents from the assignee. This might have been the situation had someone else been appointed receiver. Doubtless, it was wise on the part of the Kentucky Title Trust Company as assignee not to have turned over the surplus rents in question to the receiver until it was settled as to whether the funds in the assignee's hands were subject to the lien claimed by appellant. No one has lost anything by reason of that appointment. We do not think that error is sufficient for the court to reverse the case. The main and chief question is, whether or not appellant has a prior lien on the funds in the hands of the assignee, or whether or not the general creditors of Clark had a prior lien on the funds, which, under the law, should be distributed by the assignee.

Appellant relies upon the case of Watts' Adm'r v. Smith, 250 Ky. 617, 63 S. W. (2d) 796, 797, 802, 91 A. L. R. 1206. In that case the court laid down the rule as follows:

"From this review of the Kentucky cases, it thus appears that where there is a pledge of the rents, issues, and profits, the mortgagee is entitled: First, to subject by proper proceedings all rents, issues, and profits accruing thereafter. This right to the after accruing rents, issues, and profits is superior to the rights of any others to such after accruing rents, issues, and profits who acquired their rights with notice actual or constructive of the mortgagee's rights to such rents, issues, and profits. To this extent, the Kentucky cases are, of course, in accord with the cases above noted from foreign jurisdictions. Secondly, the mortgagee is entitled to the rents, issues, and profits accrued or on hand with the mortgagor at the time the mortgagee seeks to subject them to his mortgage, at least if liens, voluntary or involuntary, in favor of third parties in and to such accrued rents, issues, and profits or those on hand have not come into existence prior to the time the mortgagee seeks to subject such accrued rents, issues, and profits to his mortgage."

It is admitted by counsel for appellees, in fact conceded by both parties, that the funds now in the hands of the assignee and under consideration were placed in the hands of the assignee before the institution of this action and the appointment of the receiver. It is further admitted by counsel for appellees that all rents, issues, and profits, which accumulated after a receiver was appointed, are properly subjected to the lien of the mortgagee. However, that part accumulated before that time, it is claimed, should not be subjected to the mortgagee's lien, on the idea that the deed of assignment was the voluntary act of Clark and by virtue of his deed of assignment the lien of the mortgagee was lost, when the deed of assignment was executed and accepted by the assignee.

In the case of Southern Trust Co. v. First-City Bank of Hopkinsville, 259 Ky. 151, 82 S. W. (2d) 205, 207, the court said:

"Indeed, the whole tenor and effect of the instruments mortgaging the rents, issues, and profits, in addition to the real estate, is that they are regarded as secondary security with the lien continuing as an inchoate right which will be and must be perfected or consummated by asserting the right by some definite action looking toward possession and subjection. Of course, that must be done in some lawful manner. Ordinarily, even without a specific provision authorizing, it is by asking the court to have a receiver take control for the pledgee's benefit. Such, in effect, is an equitable ejectment of the mortgagor and the acquiring of possession by the mortgagee. Until that is done, he does not acquire a vested lien that will prevent a completed lien imposed subsequent to his inchoate lien from becoming prior and paramount in effect. Until that is done, the mortgagor may dispose of the rents, issues, and profits as he desires without being liable to account therefore to the mortgagee. * * * Therefore, up until the time the mortgagee has chosen to exercise his right to perfect his lien on the rents, issues, and profits, any intervening lien acquired upon them must take precedence and be held superior. This conclusion is sustained by the overwhelming weight of authority."

The true meaning of those opinions is to the effect that where the mortgagor, before any action was

brought to enforce the mortgage or to appoint a receiver, sells or disposes of the rents, issues, and profits of the property mortgaged, or mortgages same to third parties, or where the property in his hands is attached by other creditors, the lien of the intervening lienholders becomes superior to the inchoate right which the mortgagee had to the same property by virtue of its mortgage. So the pivotal question here is this: George M. Clark, who had already given a mortgage upon his land, including the rents, issues, and profits arising therefrom, when he made his deed of assignment to the Kentucky Title Trust Company for the benefit of all his creditors, did that deed create such an intervening lien or equity in favor of his general creditors as to destroy or defeat the priority of appellant's lien upon the rents, issues, and profits, which had been collected and impounded and was then in the hands of the assignee? In the first place, it is our opinion that the deed of assignment gave no intervening lien to the general creditors. The only change in the rights of George M. Clark to the property was that he placed his property because of his insolvency in the hands of the Kentucky Title Trust Company as assignee for the use and benefit of those creditors he owed at the time. In other words, the rights of the assignee and the rights of his general creditors to the rental fund could not rise any higher than the right of George M. Clark at the time he made the assignment. The assignment was merely for the benefit of his general creditors and for the purpose of maintaining, preserving, and protecting the priority of the various creditors of Clark.

Section 74, Kentucky Statutes, provides as follows:

"Every voluntary assignment made by a debtor to any person in trust for his creditors shall be for the benefit of all the creditors of the assignor, in proportion to their respective claims, after the payment of the expenses of the trust; except that property, or any part thereof, conveyed by the deed of assignment, and upon which there is a valid lien, shall be first applied to the discharge of the lien debt; and if the property is not sufficient to satisfy the lien, the lien creditor shall have the right to present the remainder of his debt unsatisfied by the lien property as a claim against the estate, and receive thereon his pro rata share of the assets in the same manner as creditors whose claims are not se-

cured by a lien; except that debts due by the assignor as guardian, committee, trustee of an express trust created by deed or will, or as personal representative, shall be paid in full before the general creditors receive anything.''

It will be noted that the above section provides that any property conveyed by the deed of assignment by the assigning creditor, upon which there is a valid lien, shall be first applied to the discharge of the lien debt. It therefore follows that one duty imposed upon the assignee of George M. Clark was to protect and preserve the priority of appellant's lien upon the rents, issues, and profits as well as upon the real estate.

The trial court was in error when he rested his judgment upon the fact that because George M. Clark filed a deed of assignment to the Kentucky Title Trust Company before the institution of the action and the appointment of a receiver, and because the rents in question were collected before that time, that such an act upon the part of Clark made the general creditors intervening lienholders on the same grounds that it made a third party, who had obtained a mortgage upon the rents, issues, and profits, while it was in the hands of Clark. The trial court overlooks the fact that the third party, from the standpoint of equity, stands upon different ground and is in a different attitude than general creditors of the assignor, because the assignment only places all of the property of the insolvent debtor in trust in the hands of the assignee for the sole purpose of protecting not only the rights of the general creditors that they may all be treated alike, but also the rights of creditors, who hold a mortgage on the property assigned, whether that be inchoate at the time the deed of assignment was made or whether it be a lien on the fund that is in court and dependent upon an action upon the part of the mortgagee in enforcing that lien. As long as the rents, issues, and profits of the mortgaged property are in the hands of the mortgagor, in this instance in the hands of Clark, the lien of appellant was enforceable as against him. It could only be defeated by Clark disposing of his property and thereby putting the title into a third person or by mortgaging the property to a third person; and, obtaining from the third person a consideration for the mortgage, was it possible to defeat the right of the lien of appellant?

In this case George M. Clark of his own volition,

not undertaking to sell or dispose of the property to anyone, but merely in pursuance to section 74 of the statute, supra, placed his property in the hands of a trustee that we call an assignee, so that not only the lien of the mortgagor should be protected, but that all of his creditors might stand upon the same footing in the distribution of his property. So we have concluded that the lien claimed by appellant, for the aforesaid reasons, is, first and superior to any lien or rights in equity or otherwise, that the general creditors may have on account of the assignment.

It follows then that the judgment is reversed, with directions for further proceedings consistent with this opinion.